IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LADELL JACKSON, on behalf of her
minor daughter, "A.H." )
) No. 16-108
)
v.

CAROLYN W. COLVIN

**SYNOPSIS**

On behalf of her minor child ("Plaintiff"), who was born on September 25, 2012, Ms. Jackson filed a protective application for child supplemental social security benefits pursuant to Title XVI of the Social Security Act, alleging disability due to various impairments related to a genetic defect from birth, including microcephaly, and atrial septal defect. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

**II. PLAINTIFF'S MOTION**

Childhood disability is evaluated under a three-step sequential process, which requires consideration of whether the child has a medically determinable severe impairment or combination of impairments, and whether the child's impairment or combination of impairments

meets or equals the severity of a Listed impairment. 20 C.F.R. § 416.924. Listing 100.05 requires, in addition to growth failure, as follows:

> Developmental delay (see 100.00C1 and C3), established by an acceptable medical source and documented by findings from one current report of a standardized developmental assessment (see 100.00C3b) that:
>
> 1. Shows development not more than two-thirds of the level typically expected for the child's age; or
>
> 2. Results in a valid score that is at least two standard deviations below the mean.

Plaintiff contends that the ALJ erred in not considering Listing 100.05. Plaintiff argues that Plaintiff's weight ranged from the 1st to 3rd percentile, and that the opinion of Dr. Saladino, a treating physician, demonstrates developmental delays. Essentially, Plaintiff contends that the ALJ should have considered the Listing, and seeks remand for such consideration. In turn, Defendant argues that the ALJ gave little weight to Dr. Saladino's Medical Source Statement, and adequately discussed why Plaintiff's developmental delays were not disabling. In particular, Defendant observes, Dr. Saladino's opinion was discounted based on physical therapy notes and a neurological evaluation conducted by Dr. Rajan on April 28, 2014. Accordingly, Defendant contends, the ALJ need not have considered Listing 100.05.

On January 28, 2014, Dr. Saladino, Plaintiff's pediatrician, noted that Plaintiff suffers from chromosome deletion, onset at birth. She observed, <u>inter alia</u>, failure to thrive, microcephaly, and developmental delay. She also noted marked and moderate impairments in various domains of functioning, including acquiring and using information, attending and completing tasks, and interacting and relating with others. In turn, the form that Dr. Saladino used defined "marked" limitations is functioning at a level that is more than half, but not more

3

than 2/3, of the child's chronological age. The ALJ afforded the opinion little weight, as "not supported by the overall evidence, such as therapy notes and neurology evaluation."

The therapy notes referred to were completed on August 30, 2013, noting that Plaintiff achieved all therapy goals, and no longer required physical therapy services at that time. Dr. Rajan's neurology evaluation, in turn, resulted from a single visit a year later, on April 28, 2014. Dr. Rajan noted that Plaintiff "seems to be developmentally appropriate for age [19 months]," because she could walk, run, and say "mama" and "dada." However, he also discussed with the family neurological abnormalities associated with Plaintiff's genetic condition, which "can include" developmental delay and learning disabilities. He further noted that Plaintiff had been receiving regular physical, occupational, and speech therapy. He also recommended that Plaintiff continue physical, occupational, and speech therapy to maximize her developmental outcome, and ordered an MRI.

I note, too, the January 15, 2014 medical source statement of Lisa Symm, OTR, which notes marked and moderate limitations in various areas, and indicates that Plaintiff continued to receive early intervention occupational therapy twice per month. Like the form completed by Dr. Saladino, the form completed by Ms. Symm defined "marked limitation" as functioning at a level more than ½ but nor more than 2/3 of the child's chronological age. The ALJ gave Ms. Symm's opinion little weight, for the same reason that he discounted that of Dr. Saladino – inconsistency with the therapy notes and Dr. Rajan's neurology evaluation. In particular, the ALJ pointed to Ms. Symm's observations that Plaintiff was improving, and that she could accomplish tasks such as use both hands to play with toys, and finger feed.

The ALJ considered the weight of the opinions with reference to Listing 112.12, which refers to Developmental and Emotional Disorders of Newborn and Younger Infants, birth to

4

attainment of age 1, which differs from Listing 100.05.  In sum, it is not clear that Dr. Rajan's opinion, or the August, 2013 physical therapy discharge, bears on the viability of Dr. Saladino's and Ms. Symm's opinions that are pertinent to Listing 100.05.  It is likewise unclear how the ALJ would evaluate Dr. Saladino's opinion in light of Listing 100.05.

As a procedural matter, this case presents a chronological twist.  Listing 100.05 did not take effect until June 12, 2015, after the ALJ's June 20, 2014 decision and Plaintiff's July 28, 2014 request for review from the Appeals Council, but before the Appeals Council's December 4, 2015 decision.  C.L.J. v. Colvin, 2016 U.S. Dist. LEXIS 114613 (S.D. Ind. Aug. 26, 2016). The Appeals Council's denial of Plaintiff's Request for Review stated, "We applied the laws, regulations and rulings in effect as of the date we took this action."  Defendant's decision thus became final at a time when Listing 100.05 was in effect.  Brandenburg v. Astrue, 2010 U.S. Dist. LEXIS 63250 (S.D. Ohio June 3, 2010).  Under the circumstances, remand is warranted. See id. at *20.  On remand, the ALJ should consider the medical record in light of Listing 100.5. The ALJ may accept additional evidence as part of those proceedings, if appropriate.


## CONCLUSION

In sum, Plaintiff's Motion will be granted, and Defendant's denied.  This matter will be remanded for further proceedings consistent with the foregoing Opinion.  An appropriate Order follows.

5

**ORDER**

AND NOW, this 2nd day of February, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing opinion.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court